IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS NOE LARA SANTOS,
     *Petitioner,*

   v.

J.L. JAMISON et al.,
     *Respondents.*

:
:
:
:
:
:
:
:
:
:
:

CIVIL NO. 26-2373

**Scott, J.**                **April 14, 2026**

## MEMORANDUM

Petitioner Carlos Noe Lara Santos filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 ¶ 1 [hereinafter Pet.]. Lara Santos alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA") and his Due Process rights. *Id.* ¶¶ 60–75.

Lara Santos is a noncitizen from Honduras. Pet. ¶ 28. He entered the United States on November 3, 2023 through a CBP1 application. *Id.* On April 10, 2026—almost two-and-a-half years after Lara Santos initially entered the country—ICE arrested him outside of his home while he was leaving for work. *Id.* ¶ 30. ICE placed Lara Santos in the Philadelphia Federal Detention Center. *Id.*

On the Government's view, Lara Santos is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *See also* Gov't Resp. at 6–10. Lara Santos challenges the Government's interpretation, arguing that his

detention violates the INA and that the relevant statute is § 1226(a). Pet. ¶ 34–51.

The Government argues, unconvincingly, that Lara Santos is detained under § 1225(b)(2)(A) because he is, on the Government's view, an "applicant for admission." ECF No. 4 at 6 [hereinafter Government's Resp.]. Government's Resp. at 6. As the Government acknowledges in its briefing, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Gov't Resp. at 8. Moreover, Lara Santos has been in the United States for more than two years, which strains credulity to consider him an "arriving alien" as the Government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Lara Santos's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Lara Santos's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Lara Santos is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Lara Santos under 8 U.S.C. § 1226(a) for seven days following his release.